**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

SYMETRA LIFE INSURANCE
COMPANY, a foreign corporation,
f/k/a SAFECO LIFE INSURANCE
COMPANY,

          Plaintiff,

vs.                                             Case No. 5:09-cv-355-J-32GRJ

ADELE J. FITZPATRICK and
SHERRI L. MCKIN,

          Defendants.

_____

**ORDER**[1]

This case is before the Court <u>sua sponte</u> on the issue of whether the Court has subject matter jurisdiction under 28 U.S.C. § 1335. Plaintiff, Symetra Life Insurance Company ("Symetra"), brought this interpleader action as a disinterested stakeholder seeking to require the Defendants, Adele J. Fitzpatrick and Sherri L. McKin ("the claimants"), to litigate their rights to a life insurance policy in the amount of $150,000. (Doc. 1.) However, federal courts, being courts of limited jurisdiction, are required to question their jurisdiction <u>sua sponte</u> before reaching the merits of a case. <u>Kelly v. Harris</u>, 331 F.3d 817, 819 (11th Cir. 2003).

Section 1335 provides in pertinent part, "[t]he district courts shall have original jurisdiction of any civil action of interpleader . . . if [t]wo or more adverse claimants, of diverse

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

citizenship, . . . are claiming or may claim to be entitled to . . . money or property." 28 U.S.C. § 1335(a). Furthermore, "[§ 1335] has been uniformly construed to only require 'minimal diversity,' that is, *diversity of citizenship between two claimants*," without regard to the citizenship of the disinterested stakeholder. State Farm Fire & Casualty v. Tashire, 386 U.S. 523, 530 (1967) (emphasis added); Travelers Ins. Co. v. Harville, 622 F. Supp. 68, 69 (S.D. Ala. 1985).

In the present case, Symetra attempts to invoke the Court's jurisdiction under § 1335 (statutory interpleader) for its interpleader claim, and not interpleader under Federal Rule of Civil Procedure 22, in conjunction with § 1332, which requires complete diversity between stakeholder and claimants. As a result, only the claimants must be diverse from each other. See Allstate Ins. Co. v. Young, 923 F. Supp. 1559, 1562 (S.D. Ga. 1996) (holding that the court lacked jurisdiction because diversity only existed between the stakeholder and the claimants, and not between the claimants themselves). Both claimants in this matter are alleged to be residents of Florida, and Symetra is alleged to be a resident of Washington. (Docs. 1, 6, 9.) Consequently, minimal diversity *between the claimants* does not appear to exist, such as is necessary to invoke subject matter jurisdiction under § 1335. If there is in fact diversity between the claimants or if Plaintiff wishes to plead an interpleader action under Rule 22 and 28 U.S.C. § 1332, it must file an amended complaint demonstrating the basis for jurisdiction.

Accordingly, this case is **DISMISSED WITHOUT PREJUDICE**, and no later than **November 20, 2009**, Plaintiff may file an amended complaint.

2

**DONE AND ORDERED** at Jacksonville, Florida this 5th day of November, 2009.

TIMOTHY J. CORRIGAN
United States District Judge

aa.
Copies:

counsel of record